**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMIE ADAMS SANTOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-321-RAW-KEW |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Amie Adams Santos (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 38 years old at the time of the ALJ's decision. Claimant obtained her GED and trained as a registered medical assistant. Claimant has no past relevant work. Claimant alleges an inability to work beginning August 30, 1993 due to limitations resulting from depression, bipolar disorder, and anxiety.

**Procedural History**

On April 10, 2014, Claimant protectively filed for

supplemental security income pursuant to Title XVI (42 U.S.C. §1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 9, 2015, Administrative Law Judge ("ALJ") David Engel conducted an administrative hearing in Tulsa, Oklahoma. He also conducted a supplemental hearing on June 15, 2016. On August 3, 2016, the ALJ issued an unfavorable decision. On June 28, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform a full range of medium work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate some of the medical opinions rendered by the consultative examining physician; and (2) reaching a mental RFC which was not supported by substantial evidence.

### Evaluation of the Medical Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the

4

severe impairments of bipolar disorder, social anxiety, manic depressive disorder, sleep disorder, and allied disorders. (Tr. 15). The ALJ concluded that Claimant retained the RFC to perform a full range of work at the medium, light, and sedentary levels. However, he also determined that Claimant was unable to climb ropes, ladders, and scaffolds and was unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. Claimant was also found to be unable to understand, remember, and carry out simple instructions in a work-related setting and was unable to interact with co-workers and supervisors under routine supervision. (Tr. 17).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of touch up screener, bench assembler, and small parts assembler, all of which were found to exist in sufficient numbers in the national and regional economies. (Tr. 27). As a result, the ALJ found Claimant was not under a disability since February 10, 2014, the date the application was filed. Id.

Claimant contends the ALJ failed to properly consider the medical opinion of the consultative examining physician, Dr. Larry Vaught. Dr. Vaught conducted a consultative mental health examination of Claimant on February 4, 2016. He completed a mental medical source statement which reflected marked limitations in the

areas of understanding and remembering complex instructions, carrying out complex instructions due to a score in the auditory immediate index of 56 and delayed index of 64. Claimant was also found to be markedly limited in interacting appropriately with the public and moderately limited in the areas of interacting appropriately with supervisors and co-workers and responding appropriately to usual work situations and to changes in a routine work setting because she was hypervigilant in crowds and in public. (Tr. 649-50).

The ALJ recognized Dr. Vaught's opinion in his decision. (Tr. 21). He did not, however, state in the decision the weight given to Dr. Vaught's opinion or whether the entirety of the opinion was adopted in the RFC. The ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

The ALJ did not address Dr. Vaught's moderate limitation upon Claimant's ability to respond to usual work situations and respond to routine work changes. The Commissioner contends that the

restriction to understanding, remembering, and carrying out simple instructions in a work-related setting sufficiently addressed the restriction found by Dr. Vaught, citing Smith v. Colvin, 821 F.3d 1264 (10th Cir. 2016). This Court rejects this assessment since the Smith ALJ restricted the claimant in that case to not only simple tasks but repetitive and routine tasks. The ALJ in this case imposed no such additional restriction. Moreover, an inability to respond to routine work **changes** does not equate with simple tasks. The routine nature of the changes does not speak to the simplicity of the task involved. As a result, the ALJ shall re-evaluate the restrictions imposed by Dr. Vaught's opinion, specifically state the weight given his conclusions, and include any further limitations in the RFC which is supported by substantial evidence.

### Mental RFC Assessment

Claimant also challenges the ALJ's mental RFC as not supported by substantial evidence. She first includes that the ALJ did not address Dr. Vaught's marked limitation in interacting with the public. Evaluations by "Dr. WF" and Dr. Burnard Pearce, the state agency consultative physicians also indicate that Claimant is moderately limited in the same functional area. (Tr. 92-93, 107-08). Claimant, however, concedes that the testimony by the vocational expert that the identified representative jobs could be

7

performed by her with only occasional interaction with the general public. As a result, the failure to include this restriction in the RFC constitutes harmless error. <u>Bainbridge v. Colvin</u>, 618 F. App'x 384, 391 (10th Cir. 2015)(unpublished).

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 4th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE